1  William H. Brownstein - State Bar No. 84507
   William H. Brownstein & Associates,
2     Professional Corporation
   1250 Sixth Street
3  Suite 205
   Santa Monica, California 90401-1637
4  Telephone: (310) 458-0048
   FAX: (310) 576-3581
5  Email: Brownsteinlaw.bill@gmail.com
   Attorneys for Debtor and Debtor in Possession
6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11  | In re | Case No. 2:12-bk-32514SK |
12  MARTHA ANN BRYAN, | Chapter 13

13  | | **NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF**
14  | | **CITIMORTGAGE A FEDERAL ASSOCIATION, SECURED BY 11011**
15  | | **WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239;**
16  | | **MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION(S) IN**
17  | | **SUPPORT THEREOF AND EXHIBIT(S)**

18  | | DATE: October 18, 2012
   | | TIME: 9:00 a.m.
19  | Debtor and | LOCATION: Courtroom "1575"
   | Debtor in Possession. | FLOOR: 15th

20

21       TO THE HONORABLE SANDRA R. KLEIN, BANKRUPTCY JUDGE,

22  CITIMORTGAGE, THE CHAPTER 13 TRUSTEE, THE UNITED STATES TRUSTEE FOR

23  THE CENTRAL DISTRICT OF CALIFORNIA AND THE OTHER PARTIES IN INTEREST:

24       PLEASE TAKE NOTICE that MARTHA ANN BRYAN, the above-captioned Debtor

25  and Debtor in Possession (the "Applicant" and/or "Debtor") by and through her counsel

26  William H. Brownstein & Associates, Professional Corporation, has filed its Notice of Motion

27  and Motion for Valuation of Liens of Citimortgage, Inc., ("Citimortgage") secured by 11011

28  Whitegate Ave., Sunland, California 91040-2239 (the "Subject Property"); Memorandum of

---

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

1    Points and Authorities; Declaration(s) in Support Thereof and Exhibit(s) (the "Motion") and

2    that the hearing on the Motion will take place on October 18, 2012 at 9:00 a.m.,  or as soon

3    thereafter as the Honorable Sandra R. Klein, Bankruptcy Judge, will hear the matter in her

4    courtroom which is located at 255 East Temple Street, Courtroom 1575, Fifteenth Floor, Los

5    Angeles, CA 90012. In support of the Motion Debtor makes the following representations,

6    allegations and assertions:

7         1.     Debtor is the Debtor in Possession in the above captioned case having filed a

8    voluntary petition under Chapter 13 of the Bankruptcy Code on June 29, 2012, and for all

9    times thereafter the Debtor has remained in Chapter 13.

10         2.     The Debtor's estate consists of the following real property, which is the

11    community property family residence commonly known of as 11011 Whitegate Ave.,

12    Sunland, California 91040-2239, Lot: 52 Tract No: 3683 Abbreviated Description: LOT:52

13    CITY:REGION/CLU5TER: 03/03177 TR#:3683 TRACT NO 3683 LOT 52 City/Munilfwp:

14    REGION/CLUSTER: 03/03177, A.P.N. 2552-016-012 (the "Subject Property").

15         3.     The Debtor is in the process of formulating his Chapter 13 plan and in so doing

16    he has obtained an appraisal of the Subject Property, effective August 25, 2012, from

17    Emanuel Rubin Appraising, which shows that the fair market value of the Subject Property

18    as of that time was $338,000.00, a true and correct copy of which is incorporated to the

19    attached Declaration of Emanuel Rubin, the Appraiser as Exhibit "1".

20         4.     As of the date of this Motion the appraised values of the Subject Property

21    compared to the outstanding balances owed to the creditors as of the date of this Motion are

22    shown below:

| Subject Property | Priority of Lien | Recording Date | FMV | Amount Owed | Equity | Explanations |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 1st T.D. | 03/23/2007 | $338,000.00 | $393,780.33 | ($55,780.33) | Family Residence. Cannot be split. |
| Citimortgage | 2nd T.D. | 03/23/2007 | ($55,780.33) | $100,000.00 | ($155,780.33) | Family Residence |

28         5.     Wells Fargo Home Mortgage is the holder of a first deed of trust against the

1   Subject Property which was recorded on March 23, 2007 as Instrument Number 07-0663404

2   in the Los Angeles County Recorder's Office. As this is the family residence of the Debtor,

3   the Debtor cannot obtain a modification of the lien and the Debtor is not seeking such relief

4   from this Court. As for the junior liens, all are totally undersecured and as such the Debtor is

5   seeking a determination that their claims are totally unsecured.

6        6.    Citimortgage, Inc., is the holder of a second deed of trust against the Subject

7   Property which was recorded on March 23, 2007 as Instrument Number 07-0663405 in the

8   Los Angeles County Recorder's Office. Even though this is a family residence of the Debtor,

9   as this is the lien of a junior creditor, and there is no equity in the Subject Property to cover

10  any portion of that debtor, it is totally undersecured and as such the Debtor is seeking a

11  determination that its claim is totally unsecured. As reflected in Exhibit "2" to the Declaration

12  of William H. Brownstein, a preliminary title report was obtained showing the liens against

13  the Subject Property as of September 10, 2012. That shows the liens of record against the

14  Subject Property include that of Citimortgage, Inc., which is listed on the schedules as

15  having a claim of $100,000.00. As such, that claim is totally unsecured.

16

17  PLEASE TAKE NOTICE that LBR 9013-1(f) provides as follows:

18  "**(f)**     **Opposition, Joinders, and Responses to Motions.** Except as set forth in LBR
            7056-1 with regard to motions for summary judgment or partial summary adjudication,
19          LBRs 2014-1(b), 2016-1(a)(2), 3015-1(w) and (x), and 9013-1(o) with regard to
            motions and matters that may not require a hearing, LBR 9075-1 with regard to
20          motions to be heard on an emergency or shortened notice basis or unless otherwise
            ordered by the court, each interested party opposing, joining, or responding to the
21          motion must file and serve on the moving party and the United States trustee not later
            than 14 days before the date designated for hearing either:
22
            (1)    A complete written statement of all reasons in opposition thereto or in support
23                 or joinder thereof, declarations and copies of all photographs and documentary
                   evidence on which the responding party intends to rely, and any responding
24                 memorandum of points and authorities. The opposing papers must advise the
                   adverse party that any reply to the opposition must be filed with the court and
25                 served on the opposing party not later than 7 days prior to the hearing on the
                   motion; or
26
27          (2)    A written statement that the motion will not be opposed."

28       This Motion is based on the foregoing, on the attached Memorandum of Points and
    Authorities, on the Declaration(s) and Exhibit(s) filed in support of the Motion, and upon such

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

1  other evidence both oral and documentary as may be presented at the time of the hearing
2  on the Motion.

3       WHEREFORE, Debtor respectfully prays that this Honorable Court finds that the fair

4  market value of the Subject Property is $338,000.00, that the claims of Citibank, Inc., which

5  is listed on the schedules as having a claim of $100,000.00 is totally unsecured the Court

6  should find that it is also unsecured and that it grants such other and further relief as it

7  deems just and proper.

8       DATED: September 10, 2012     Respectfully submitted,

9       William H. Brownstein & Associates,
     Professional Corporation

10

11      By: _William H Brownstein_

12      William H. Brownstein, Attorneys for
     Debtor and Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Introduction.

Debtor is the Debtor in Possession in the above captioned case having filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 29, 2012, and for all times thereafter the Debtor has remained in Chapter 13.

The Debtor's estate consists of the following real property, which is the community property family residence commonly known of as 11011 Whitegate Ave., Sunland, California 91040-2239, Lot: 52 Tract No: 3683 Abbreviated Description: LOT:52 CITY:REGION/CLU5TER: 03/03177 TR#:3683 TRACT NO 3683 LOT 52 City/Munilfwp: REGION/CLUSTER: 03/03177, A.P.N. 2552-016-012 (the "Subject Property").

The Debtor is in the process of formulating his Chapter 13 plan and in so doing he has obtained an appraisal of the Subject Property, effective August 25, 2012, from Emanuel Rubin Appraising, which shows that the fair market value of the Subject Property as of that time was $338,000.00, a true and correct copy of which is incorporated to the attached Declaration of Emanuel Rubin, the Appraiser as Exhibit "1".

As of the date of this Motion the appraised values of the Subject Property compared to the outstanding balances owed to the creditors as of the date of this Motion are shown below:

| Subject Property | Priority of Lien | Recording Date | FMV | Amount Owed | Equity | Explanations |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 1st T.D. | 03/23/2007 | $338,000.00 | $393,780.33 | ($55,780.33) | Family Residence. Cannot be split. |
| Citimortgage | 2nd T.D. | 03/23/2007 | ($55,780.33) | $100,000.00 | ($155,780.33) | Family Residence |

Wells Fargo Home Mortgage is the holder of a first deed of trust against the Subject Property which was recorded on March 23, 2007 as Instrument Number 07·0663404 in the Los Angeles County Recorder's Office. As this is the family residence of the Debtor, the Debtor cannot obtain a modification of the lien and the Debtor is not seeking such relief from

1  this Court. As for the junior liens, all are totally undersecured and as such the Debtor is

2  seeking a determination that their claims are totally unsecured.

3       Citimortgage, Inc., is the holder of a second deed of trust against the Subject Property

4  which was recorded on March 23, 2007 as Instrument Number 07·0663405 in the Los

5  Angeles County Recorder's Office. Even though this is a family residence of the Debtor, as

6  this is the lien of a junior creditor, and there is no equity in the Subject Property to cover any

7  portion of that debtor, it is totally undersecured and as such the Debtor is seeking a

8  determination that its claim is totally unsecured. As reflected in Exhibit "2" to the Declaration

9  of William H. Brownstein, a preliminary title report was obtained showing the liens against

10  the Subject Property as of September 10, 2012. That shows the liens of record against the

11  Subject Property include that of Citimortgage, Inc., which is listed on the schedules as

12  having a claim of $100,000.00. As such, that claim is totally unsecured.

13  **II.**

14  **Argument**.

15       a.   <u>The Secured Claims Against the Subject Property Must Be Split Between its</u>

16  <u>Secured and its Unsecured Interest</u>.

17       Bankruptcy Code provision governing determination of secured status bifurcates

18  allowed claim of creditor holding liens into allowed secured claim and allowed unsecured

19  claim based on value of property subject to the lien. *In re Trevarrow Lanes, Inc.*, Bkrtcy.

20  E.D.Mich.1995, 183 B.R. 475.

21       Allowed claim is "secured" only to the extent of value of property on which lien is fixed;

22  the remainder is considered "unsecured." *Schroeder v. First Union Nat. Bank of Virginia*,

23  D.Md.1995, 182 B.R. 723.

24       The lender's secured claim that exceeds value of collateral may be bifurcated into

25  partially secured claim and partially unsecured claim. *In re Hirsch*, E.D.Pa.1994, 166 B.R.

26  248.

27       11 U.S.C. §506 divides or bifurcates allowed claims into two parts: (1) secured claim

28  to extent of value of collateral; and (2) unsecured claim to extend that value of collateral is

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

6

1   less than the amount of such allowed claim. *Bank One, Chicago, NA v. Flowers,* N.D. Ill.

2   1995, 183 B.R. 509.

3           Bankruptcy Code provision governing determination of secured status bifurcates

4   allowed claim of creditor holding the lien into allowed secured claim and allowed unsecured

5   claim based on value of property subject to the lien. *In re Trevarrow Lanes, Inc.*,

6   Bkrtcy.E.D.Mich.1995, 183 B.R. 475.

7           As a general rule, the allowed claim is "secured" only to the extent of value of property

8   on which lien is fixed; the remainder  is considered "unsecured." *Schroeder v. First Union*

9   *Nat. Bank of Virginia,* D.Md.1995, 182 B.R. 723.

10          A lender's secured claim that exceeds value of collateral may be bifurcated into

11  partially secured claim and partially unsecured claim. *In re Hirsch,* E.D.Pa.1994, 166 B.R.

12  248.

13          The Debtor may bifurcate claim into secured and unsecured portions where value of

14  property securing claim is worth less than the total amount of claim. *In re Laws,*

15  E.D.Pa.1994, 163 B.R. 449.

16          A holder of collateral with value less than the amount owed to it holds two claims:

17  secured claim for value of collateral and unsecured claim for difference in amount owed and

18  value of collateral. *In re Glick,* Bkrtcy.W.D.Va.1991, 136 B.R. 654.

19          Bankruptcy Code generally allows bifurcation of undersecured creditor's claim into two

20  separate claims, one secured and the other unsecured. *In re Etchin,* Bkrtcy.W.D.Wis.1991,

21  128 B.R. 662.

22          Under this section, claim is allowed as secured up to value of collateral or amount of

23  debt, whichever is smaller; thus, if debt is undersecured, the creditor has allowed secured

24  claim only up to value of collateral. *In re Rogers*, Bkrtcy.E.D.Tenn.1986, 57 B.R. 170.

25          Under subsection (a) of 11 U.S.C. §506, creditor has a secured claim only to the

26  extent of the value of the property which stands as collateral; any excess of claim of full

27  value of property is an unsecured claim. *In re Chapman*, Bkrtcy.D.Dist.Col.1985, 51 B.R.

28  663.

**NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)**

1   When a mortgage secures debt which is in excess of value of secured property,

2   excess is not secured claim, but is rather allowed unsecured claim under Bankruptcy Code.

3   *In re Everett,* Bkrtcy.E.D.Pa.1985, 48 B.R. 618.

4   Under Bankruptcy Code provision that a claim is "a secured claim to the extent of the

5   value of [the] creditor's interests" in the estate's interest in the property, the entire claim is not

6   a secured claim, but the claim is secured only to extent of value of the secured interest. *In re*

7   *Maldonado,* 9th Cir.BAP (Cal.) 1984, 46 B.R. 497.

8   Secured party is secured to extent of value of estate's interest in collateral in which he

9   claims interest but is unsecured as to any portion of his claim which exceeds value of

10  collateral. *In re Datair Systems Corp.,* Bkrtcy.N.D.Ill.1984, 42 B.R. 241.

11  Unless undersecured creditor makes election to have its claim treated as fully secured

12  in Chapter 11 case, it is entitled to have its secured claim and unsecured claim separately

13  classified. *Matter of Coventry Commons Associates,* E.D.Mich.1993, 155 B.R. 446.

14  The phrase "value of such creditor's interest" in subsection (a) of this section means

15  "the value of the collateral." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest*

16  *Associates, Ltd.,* U.S.Tex.1988, 108 S.Ct. 626, 484 U.S. 365, 98 L.Ed.2d 740.

17  In Bankruptcy Code provision governing valuation of secured claims, phrase "value of

18  such creditor's interest" means value of collateral. *In re Zersen*, Bkrtcy.W.D.Wis.1995, 189

19  B.R. 732.

20  Nothing in Bankruptcy Code provision regarding determination of secured status

21  mandates that value of collateral is fixed in single valuation for all purposes; instead, that

22  provision merely directs that valuations are made in light of purpose of valuation. *In re*

23  *Cason*, Bkrtcy.N.D.Ala.1995, 190 B.R. 917.

24  When determining secured status of a creditor, value is determined in light of purpose

25  of the valuation and the proposed distribution of the property. *In re Alpine Group, Inc.*, 9th

26  Cir.BAP (Wash.) 1993, 151 B.R. 931.

27  There is no clear-cut formula or benchmark for valuing creditor's collateral, and

28  valuation depends on facts and evidence presented in each particular case. *In re Owens*,

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

8

1  Bkrtcy.E.D.Ark.1990, 120 B.R.487.

2  Bankruptcy court valuing mortgaged property on consideration of a reorganization

3  plan was required to consider declining value of property. *Matter of Sandy Ridge*

4  *Development Corp.*, C.A.5 (La.) 1989, 881 F.2d 1346, rehearing denied 889 F.2d 663.

5  Purpose of determining whether secured creditor in Chapter 11 case, collateralized

6  property should be valued as of, or close to, an effective date of a plan, rather than by some

7  speculative and presumptively appreciated future value. *In re 500 Fifth Ave. Associates,*

8  Bkrtcy.S.D.N.Y.1993, 148 B.R. 1010, affirmed 1993 WL 316183.

9  Disposition costs, or costs that secured the creditor would incur in converting its

10 interest in Chapter 11 debtor's income-producing property to cash, could be used in valuing

11 creditor's interest in property, for purposes of bifurcating secured and unsecured portions of

12 creditor's claim, since interest of the creditor, a bank, was not to operate property as owner

13 but rather to reduce its claim against property to cash. *In re 203 North LaSalle Street Ltd.*

14 *Partnership*, Bkrtcy.N.D.Ill.1995, 190 B.R. 567, stay denied 190 B.R. 595, *affirmed* 195 B.R.

15 692, *affirmed* 126 F.3d 955, rehearing and suggestion for *rehearing en banc denied,*

16 *certiorari granted* 118 S.Ct. 1674, 523 U.S. 1106, 140 L.Ed.2d 812, *reversed* 119 S.Ct. 1411

17 526 U.S. 434, 143 L.Ed.2d 607, *on remand* 182 F.3d 922.

18 Real estate taxes secured by county's lien that came into effect under South Dakota

19 law after dismissal of corporate real property owner's first bankruptcy case, before filing of

20 corporate property owner's second bankruptcy case, would be deducted from fair market

21 value of the real property, in determining the amount of first mortgagee's secured claim,

22 which was junior to tax lien, and interest and costs accruing on taxes secured by lien until

23 the effective date of the plan would also be deducted from fair market value of the property,

24 but amount of taxes due and owing for years for which liens did not arise due to filing of

25 second bankruptcy case would not be deducted from fair market value of the property. *In re*

26 *Bellman Farms, Inc.*, Bkrtcy.D.S.D.1988, 86 B.R. 1016.

27 In determining creditor's allowed secured claim, delinquent real estate taxes could be

28 deducted from value of real estate; under Iowa law, real estate taxes are first liens superior

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

9

1  to all other encumbrances. *Matter of Simmons*, Bkrtcy.S.D.Iowa 1988, 86 B.R. 160.

2          Debtor had an initial burden of overcoming presumption that the amount of secured

3  claim was the same as amount stated in proof of claim, but the ultimate burden of

4  persuasion was on the secured creditor to demonstrate by preponderance of the evidence

5  value of collateral which secured its claim. *In re Southmark Storage Associates Ltd.*

6  *Partnership*, Bkrtcy.D.Conn.1991, 130 B.R. 9.

7          b.      The Property Valuation Date for Valuing the Claims Against the Principal
   Residence is the Date of this Motion.

8          11 U.S.C. § 506(a)(1) provides as follows:

9      "Determination of secured status

10         (a)(1) An allowed claim of a creditor secured by a lien on property in
11     which the estate has an interest, or that is subject to setoff under section 553 of
       this title, is a secured claim to the extent of the value of such creditor's interest
12     in the estate's interest in such property, or to the extent of the amount subject
       to setoff, as the case may be, and is an unsecured claim to the extent that the
13     value of such creditor's interest or the amount so subject to setoff is less than
       the amount of such allowed
14     claim. ***Such value shall be determined in light of the purpose of the***
       ***valuation and of the proposed disposition or use of such property, and in***
15     ***conjunction with any hearing on such disposition or use or on a plan***
       ***affecting such creditor's interest. [Emphasis added]"***

16         The valuation is being sought in this Chapter 11 case in order to enable the Debtor to

17 have the ability to proceed with his Chapter 11 plan and to utilize the valuation for purposes

18 of his reorganization. *In re Columbia Office Associates Ltd. Partnership,* Bkrtcy.D.Md.1994,

19 175 B.R. 199; *.In re Kuebler,* Bkrtcy.E.D.Ark.1993, 156 B.R. 1012*, affirmed* 172 B.R. 595.

20         Under the facts and circumstances of this case the proper date for valuation of the

21 liens is the most recent appraisal, which is effective August 25, 2012. That value confirms

22 that Fair Market Value of the Subject Property is $338,000.00, meaning that even though the

23 holder of the Note Secured by a First Deed of Trust is undersecured, because this is the

24 Debtor's family residence, that such claim cannot be modified. However, to the extent of the

25 other secured claims, those are totally unsecured.

26

27

28

# III.

## Conclusion.

Based on the foregoing it is respectfully submitted that this Honorable Court finds that the fair market value of the Subject Property is $338,000.00, that the secured claims of Wells Fargo Bank, is $393,780.33 confirms the fact that the other claim, those of Citibmortgage, Inc. Is totally unsecured  and that it grants such other and further relief as it deems just and proper and that the secured claim of Citimortgage, Inc., as it has no value in the Subject Property to secure that claim, that they must be treated as a general unsecured creditor claim.

DATED: September 10, 2012          Respectfully submitted,

William H. Brownstein & Associates,
Professional Corporation

By:_____
William H. Brownstein, Attorneys for
Debtor and Debtor in Possession

---

**NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION, SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)**

### DECLARATION OF EMANUEL RUBIN

I, Emanuel Rubin, do hereby declare and state as follows:

1.     I am over the age of 18 and not a party of this action. All of the following facts are known to me to be true of my own knowledge, except for those matters stated on the basis of information and belief, and as to those matters I believe them to be true.

2.     I am duly licensed and in good standing with the State of California as a real estate appraiser, and as such possess the necessary background, training, experience, and credentials to express an opinion as to the fair market value of residential and commercial real estate.

3.     I was commissioned to appraise that certain single family residence located at 11011 Westgate Avenue, Sunland, California 90040, Lot: 52 Tract No: 3683 Abbreviated Description: LOT:52 CITY:REGION/CLU5TER: 03/03177 TR#:3683 TRACT NO 3683 LOT 52 City/Munilfwp: REGION/CLUSTER: 03/03177, A.P.N. 2552-016-012 (the "Subject Property").

4.     I duly performed such appraisal in accordance with the generally accepted standards for conducting appraisals as specified by the State of California for licensed appraisers. A true and correct copy of my appraisal ("the Appraisal") is incorporated herein by this reference as Exhibit "1".

5.     The Appraisal describes in detail all the actions I took and all of the materials I reviewed in making a determination of the estimated current fair market value of the Subject Property, and details based off my calculation thereof. Accordingly, the Appraisal provides an adequate factual foundation and sets forth the bases for my opinion as to the Property's estimated current fair market value.

6.     Based on my appraisal, I estimate that the fair market value of the Property as of August 25, 2012 to be $338,000.00 which valuation I hereby adopt as true, correct, and accurate all the statements in the aforesaid Appraisal, including without limitation all the facts set forth and the opinions stated in the Appraisal.

I declare under the penalty of perjury under the laws of the United States that the

---

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION,
SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

12

1  foregoing is true and correct.

2       Executed this 10th day of September 2012 at Valencia, California

3

4

5

6                                                    Emanuel Rubin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION, SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)**

## DECLARATION OF WILLIAM H. BROWNSTEIN

I, William H. Brownstein, do hereby declare and state as follows:

1.    I am an attorney at law duly admitted to practice before all courts of the State of California and before this Court. I am a certified specialist in Bankruptcy Law by the State Bar of California. I am the president and a shareholder of William H. Brownstein & Associates, Professional Corporation (the "Firm"), which has been employed as counsel for Martha Ann Bryan, the Debtor and Debtor in Possession in the above-captioned Chapter 13 case.

2.    Debtor is the Debtor in Possession in the above captioned case having filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 29, 2012, and for all times thereafter the Debtor has remained in Chapter 13.

3.    The Debtor's estate consists of the following real property, which is the community property family residence commonly known of as 11011 Whitegate Ave., Sunland, California 91040-2239, Lot: 52 Tract No: 3683 Abbreviated Description: LOT:52 CITY:REGION/CLU5TER: 03/03177 TR#:3683 TRACT NO 3683 LOT 52 City/Munilfwp: REGION/CLUSTER: 03/03177, A.P.N. 2552-016-012 (the "Subject Property").

4.    The Debtor is in the process of formulating his Chapter 13 plan and in so doing he has obtained an appraisal of the Subject Property, effective August 25, 2012, from Emanuel Rubin Appraising, which shows that the fair market value of the Subject Property as of that time was $338,000.00, a true and correct copy of which is incorporated to the attached Declaration of Emanuel Rubin, the Appraiser as Exhibit "1".

5.    As of the date of this Motion the appraised values of the Subject Property compared to the outstanding balances owed to the creditors as of the date of this Motion are shown below:

| Subject Property | Priority of Lien | Recording Date | FMV | Amount Owed | Equity | Explanations |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 1st T.D. | 03/23/2007 | $338,000.00 | $393,780.33 | ($55,780.33) | Family Residence. Cannot be split. |

**NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION, SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)**

14

| Citimortgage | 2ⁿᵈ T.D. | 03/23/2007 | ($55,780.33) | $100,000.00 | ($155,780.33) | Family Residence |

6.      Wells Fargo Home Mortgage is the holder of a first deed of trust against the Subject Property which was recorded on March 23, 2007 as Instrument Number 07·0663404 in the Los Angeles County Recorder's Office. As this is the family residence of the Debtor, the Debtor cannot obtain a modification of the lien and the Debtor is not seeking such relief from this Court. As for the junior liens, all are totally undersecured and as such the Debtor is seeking a determination that their claims are totally unsecured.

7.      Citimortgage, Inc., is the holder of a second deed of trust against the Subject Property which was recorded on March 23, 2007 as Instrument Number 07·0663405 in the Los Angeles County Recorder's Office. Even though this is a family residence of the Debtor, as this is the lien of a junior creditor, and there is no equity in the Subject Property to cover any portion of that debtor, it is totally undersecured and as such the Debtor is seeking a determination that its claim is totally unsecured.

8.      On September 10, 2012 I obtained a print-out, a true and correct copy of which is incorporated herein by this reference as Exhibit "2", which shows the liens against the Subject Property as of September 10, 2012. That print out shows that the liens of record against the Subject Property include that of Citimortgage, Inc., which is listed on the schedules as having a claim of $100,000.00. As such, that claim is totally unsecured.

I declare that the foregoing is true and correct to the best of my knowledge, information and belief under the laws of the United States of America and if called upon to testify thereon as a witness I would be competent to so testify.

Executed this 10ᵗʰ day of September 2012.

William H. Brownstein

NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION, SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)

15

EMANUEL RUBIN APPRAISING

File No. **Whitegate 11011**

Bryan, Geoffrey L
11011 Whitegate Ave. Sunland, CA. 91040-2239
 Sunland, CA. 91040-2239

File Number:   Whitegate 11011

In accordance with your request, I have appraised the real property at:

11011 Whitegate Ave
Sunland, CA  91040-2239

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of   August 25, 2012                          is:

$338,000
Three Hundred Thirty-Eight Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

Emanuel Rubin

EXHIBIT "1"
16

EMANUEL RUBIN APPRAISING

File No. **Whitegate 11011**

## APPRAISAL OF



Single Family Dwelling

## LOCATED AT:

11011 Whitegate Ave
Sunland, CA  91040-2239

## FOR:

Bryan, Geoffrey L
11011 Whitegate Ave. Sunland, CA. 91040-2239
Sunland, CA. 91040-2239

## BORROWER:

N/A

## AS OF:

August 25, 2012

## APPRAISED VALUE:

$338,000

## BY:

Emanuel Rubin

EXHIBIT "1"

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

# NDCdata.com

### Last Updated: 08/21/2012

## Property Location

| | | | | | |
|---|---|---|---|---|---|
| Address: | 11011 WHITEGATE AVE | City: | SUNLAND | Zip: | 91040-2239 |
| APN#: | 2552-016-012 | Use Code: | Single Family Residence | County: | Los Angeles |
| Tract: | 3683 | Census Tract: | 1031.01 | Zone: | LAR1 |
| Map Page/Grid: | 503/H2 | Legal Desc: | TRACT NO 3683 LOT 52 | | |
| Total Assessed Value: | 340,304 | Tax Amount: | 4,397.40 | | |
| Percent Improvement: | 39.00 | Tax Year: | 2011 | | |

## Current Owner Information

| | | | |
|---|---|---|---|
| Current Owner: | BRYAN,GEOFFREY L & MARTHA A | Owner Address: | 11011 WHITEGATE AVE |
| City, State: | SUNLAND, CA | Zip: | 91040-2239 |
| Last Transaction: | 03/23/2007 | Deed Type: | grant deed/deed of trust |
| Amount: | 516,000 | Document: | 0000663403 |

## Last sale Information

| | | | |
|---|---|---|---|
| Transferred From: | NEPALES,RUBEN V & JANET | Seller Address: | |
| Sale Date: | 03/23/2007 | Prior Sale Date: | 05/18/1988 |
| Most Recent Sale Price: | 516,000 | Prior Sale Price: | 163,000 |
| Document Number: | 0000663403 | Prior Document No.: | 793925 |
| Document Type: | grant deed/deed of trust | Prior Document Type: | |

>

## Lender Information

| | | | |
|---|---|---|---|
| Lender: | WELLS FARGO BANK | Full/Partial: | |
| Loan Amount / 2nd Trust Deed: | 412,800 / 103,200 | Loan Type: | conventional fix |

## Physical Information

| | | | | | |
|---|---|---|---|---|---|
| Building Area: | 1,699 | # of Bedrooms: | 3 | Lot Size: | 4,254 |
| Additional: | 0 | # of Bathrooms: | 2.00 | Year Built / Effective: | 1938 / 1945 |
| Garage: | 0 | # of Stories: | 1 | Heating: | |
| First Floor: | 0 | Total Rooms: | 8 | Cooling: | |
| Second Floor: | 0 | # of Units: | 1 | Roof Type: | |
| Third Floor: | 0 | Garage/Carport: | yes / | Construction/Quality: | / 0 |
| Basement Finished: | 0 | Fireplaces: | 0 | Building Shape: | |
| Basement Unfinished: | 0 | Pool/Spa: | | View: | |

## Flood Data

| | | | | | |
|---|---|---|---|---|---|
| Panel Date: | 9/26/2008 | Comm/Panel Number: | 060137/06037C/1095 F | Flood Zone: | X |

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

**PLAT MAP**

| Borrower: N/A | | File No.: Whitegate 11011 |
|---|---|---|
| Property Address: 11011 Whitegate Ave | | Case No.: |
| City: Sunland | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |



EXHIBIT "1"

19

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

# Uniform Residential Appraisal Report

File No. Whitegate 11011

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

**SUBJECT**

| | |
|---|---|
| Property Address 11011 Whitegate Ave | City Sunland | State CA | Zip Code 91040-2239 |

Borrower N/A   Owner of Public Record Bryan, Geoffrey L   County Los Angeles

Legal Description Tract No 3683 Lot 52

Assessor's Parcel # 2552-016-012   Tax Year 2011   R.E. Taxes $ 4,397.40

Neighborhood Name N/A   Map Reference 503/H2   Census Tract 1031.01

Occupant [X] Owner [ ] Tenant [ ] Vacant   Special Assessments $ 0.00   PUD   HOA $ N/A [ ] per year [ ] per month

Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe) N/A

Assignment Type [ ] Purchase Transaction [ ] Refinance Transaction [X] Other (describe) Market Evaluation

Lender/Client Bryan, Geoffrey L   Address 11011 Whitegate Ave. Sunland, CA. 91040-2239

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? [ ] Yes [X] No

Report data source(s) used, offering price(s), and date(s). Public Records (NDCdata) MLS (Matrix) Inspection and file records.

**CONTRACT**

I [ ] did [ ] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $   Date of Contract   Is the property seller the owner of public record? [ ] Yes [ ] No   Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? [ ] Yes [ ] No
If Yes, report the total dollar amount and describe the items to be paid.

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | One-Unit Housing Trends | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|
| Location [ ] Urban [X] Suburban [ ] Rural | | Property Values [ ] Increasing [X] Stable [ ] Declining | | PRICE | AGE | One-Unit | 95 % |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | | Demand/Supply [ ] Shortage [X] In Balance [ ] Over Supply | | $(000) | (yrs) | 2-4 Unit | % |
| Growth [ ] Rapid [X] Stable [ ] Slow | | Marketing Time [X] Under 3 mths [ ] 3-6 mths [ ] Over 6 mths | | 116 Low | 3 | Multi-Family | % |
| Neighborhood Boundaries Big Tujunga Cyn (N), Sunland/Foothill Blvd. (S) Tujunga Cyn | | | | 783 High | 112 | Commercial | 5 % |
| Blvd (E) and Oro Vista Ave (W). Primarily residential | | | | 310 Pred. | 65 | Other | % |

Neighborhood Description   Subject is located in a residential neighborhood of conforming single family residences of varying quality and appeal. Neighborhood is located within close proximity to major employment centers, schools, parks, transportation, and supporting facilities.  At time of inspection, there were no adverse conditions noted that would have a negative effect on marketability.

Market Conditions (including support for the above conclusions)  Market values are in a reduced state but stable. Short sale and foreclosures are very prominent and affect the value of real estate properties sold in the area. The instability created a buyer's market . Conventional and  FHA financing are currently utilized in the market place, generally at favorable rates.

**SITE**

Dimensions 54.42 x 111.16   Area 6049 Sq.Ft.   Shape Rectangular   View Residential

Specific Zoning Classification LAR1   Zoning Description Residential

Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No   If No, describe. The Highest and best use of this property as improved or vacant is the existing use which gives the greatest net return to the land.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street Asphalt | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley None | | |

FEMA Special Flood Hazard Area [ ] Yes [X] No   FEMA Flood Zone ** X   FEMA Map # 060137/06037C/1095 F   FEMA Map Date 09/26/2008

Are the utilities and off-site improvements typical for the market area? [X] Yes [ ] No   If No, describe.

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? [ ] Yes [X] No   If Yes, describe. ** Flood information to be verified by the client and therefore assumed to be as stated. A Title report was not reviewed by the appraiser . No adverse easements, encroachments were readily observable. Appraiser is not responsible for any matter of legal nature that may affect the property being appraised

**IMPROVEMENTS**

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION | materials/condition | INTERIOR | materials/condition |
|---|---|---|---|---|---|---|---|
| Units [X] One [ ] One with Accessory Unit | | [X] Concrete Slab [ ] Crawl Space | | Foundation Walls | Concrete/avg | Floors | Capt/ HW/Avg |
| # of Stories 1 | | [ ] Full Basement [ ] Partial Basement | | Exterior Walls | Stucco/Wd/avg | Walls | Drywall/avg |
| Type [X] Det. [ ] Att. [ ] S-Det/End Unit | | Basement Area None sq. ft. | | Roof Surface | Comp.shngl/ Avg. | Trim/Finish | wood/paint/avg |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish None % | | Gutters & Downspouts | Partial | Bath Floor | Tile/avg |
| Design (Style) Traditional | | [ ] Outside Entry/Exit [ ] Sump Pump | | Window Type | Slide/Alum/Avg | Bath Wainscot | Tile/Average |
| Year Built 1938 | | Evidence of [ ] Infestation | | Storm Sash/Insulated | Insulated | Car Storage | [ ] None |
| Effective Age (Yrs) 30 | | [ ] Dampness [ ] Settlement | | Screens | Yes | [X] Driveway | # of Cars 2 |
| Attic [ ] None | | Heating [X] FWA [ ] HWBB [ ] Radiant | | Amenities | [ ] WoodStove(s) # | Driveway Surface Concrete | |
| [ ] Drop Stair [ ] Stairs | | [ ] Other | Fuel Gas | [X] Fireplace(s) # 1 | [X] Fence Blocks | [X] Garage | # of Cars 2 |
| [ ] Floor [X] Scuttle | | Cooling [X] Central Air Conditioning | | [X] Patio/Deck slab | [X] Porch Covrd. | [ ] Carport | # of Cars 0 |
| [ ] Finished [ ] Heated | | [ ] Individual [ ] Other | | [ ] Pool [ ] None | [ ] Other | [ ] Att. [ ] Det. | [ ] Built-in |
| Appliances [P] Refrigerator [X] Range/Oven [ ] Dishwasher [ ] Disposal [ ] Microwave [ ] Washer/Dryer [ ] Other (describe) | | | | | | | |

Finished area above grade contains:   7 Rooms   3 Bedrooms   2.00 Bath(s)   1,804 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.).   Subject is in average quality and construction. No special energy efficient items noticed.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).   See Attached Addendum

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No   If Yes, describe.   There are no obvious physical deficiencies, or any adverse conditions that might affect the livability, soundness , or structural integrity of the subject property. However, appraiser is not a building or structural engineer. If any adverse conditions are suspected as to the physical or structural soundness of the property, then a licensed professional should be consulted.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [ ] No   If No, describe. The subject property is compatible and conforms to the neighborhood. Marketability and acceptability are good.

Freddie Mac Form 70 March 2005

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 1 of 6

Fannie Mae Form 1004 March 2005
1004_05 090909

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

## Uniform Residential Appraisal Report

File No. Whitegate 11011

| | | | |
|---|---|---|---|
| There are **9** comparable properties currently offered for sale in the subject neighborhood ranging in price from $ **275,000** to $ **374,999** . | | | |
| There are **52** comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ **250,000** to $ **490,000** . | | | |

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | COMPARABLE SALE NO. 2 | COMPARABLE SALE NO. 3 |
|---|---|---|---|---|
| Address | 11011 Whitegate Ave<br>Sunland CA 91040-2239 | 11138 Leolang Ave<br>Sunland CA 91040-2264 | 8103 Brownstone St<br>Sunland CA 91040-2102 | 8119 Ellenbogen St<br>Sunland CA 91040-2103 |
| Proximity to Subject | | 0.19 MILES NNW | 0.22 MILES W | 0.31 MILES NW |
| Sale Price | $ 516,000 | $ 330,000 | $ 320,000 | $ 330,000 |
| Sale Price/Gross Liv. Area | $ 286.03 sq. ft. | $ 191.97 sq. ft. | $ 192.31 sq. ft. | $ 218.25 sq. ft. |
| Data Source(s) | | DOC# 979630 | DOC# 779814 | DOC# 707824 |
| Verification Source(s) | | APN# 2552-038-020 | APN# 2551-041-035 | APN# 2551-018-039 |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION / +(-) $ Adjustment | DESCRIPTION / +(-) $ Adjustment | DESCRIPTION / +(-) $ Adjustment |
| Sale or Financing Concessions | | $297,000 1st / REO Sale<br>Conventional | $256,000 1st / Short Sale<br>Conventional | $247,500 1st / Standard<br>Conventional |
| Date of Sale/Time | | 07/02/2012 / 0 | 05/25/2012 / 0 | 05/11/2012 / 0 |
| Location | Suburban | Suburban | Suburban | Suburban |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | Fee Simple | Fee Simple |
| Site | 6049 Sq.Ft. | 9,024 Sq.Ft. / -6,000 | 6,449 Sq.Ft. / 0 | 6,849 Sq.Ft. / 0 |
| View | Residential | Residential | Residential | Residential |
| Design (Style) | Traditional | Similar | Similar | Similar |
| Quality of Construction | Average | Average | Average | Average |
| Actual Age | 74 years | 39 years / 0 | 40 years / 0 | 46 years / 0 |
| Condition | Average | Average | Average | Average |
| Above Grade | Total 7 Bdrms. 3 Baths 2.00 | Total 8 Bdrms. 4 Baths 2.00 / 0 | Total 8 Bdrms. 4 Baths 2.00 / 0 | Total 7 Bdrms. 3 Baths 2.00 / 0 |
| Gross Living Area | 1,804 sq. ft. | 1,719 sq. ft. / 0 | 1,664 sq. ft. / 3,500 | 1,512 sq. ft. / 8,000 |
| Basement & Finished Rooms Below Grade | None | $274,900/23<br>None | $375,000/84<br>None | $330,000/14<br>None |
| Functional Utility | Average | Average | Average | Average |
| Heating/Cooling | FWA C/Air | FWA C/Air | FWA C/Air | FWA C/Air |
| Energy Efficient Items | Typical | Typical | Typical | Typical |
| Garage/Carport | 2 Car Garage | 2 Car Garage | 2 Car Garage | 2 Car Garage |
| Porch/Patio/Deck | Patio & Porch | Patio & Porch | Patio & Porch | Patio & Porch |
| Fire Place | 1 Fireplace | 1 Fireplace | 1 Fireplace | 1 Fireplace |
| Pool /Spa | No Pool or Spa | No Pool or Spa | Pool no Spa / -10,000 | No Pool or Spa |
| MLS# | | #22163789 | #A12009347 | #12162988 |
| Net Adjustment (Total) | | [ ]+ [X]- $ 6,000 | [ ]+ [X]- $ 6,500 | [X]+ [ ]- $ 8,000 |
| Adjusted Sale Price of Comparables | | Net Adj. -1.8%<br>Gross Adj. 1.8% $ 324,000 | Net Adj. -2.0%<br>Gross Adj. 4.2% $ 313,500 | Net Adj. 2.4%<br>Gross Adj. 2.4% $ 338,000 |

I [X] did [ ] did not research the sale or transfer history of the subject property and comparable sales. If not, explain  The Sales and listing history of subject
and comparables were reviewed

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s) NDCdata/MLS

My research [X] did [ ] did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s) NDCdata/MLS

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE NO. 1 | COMPARABLE SALE NO. 2 | COMPARABLE SALE NO. 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No prior sales in<br>past 36 months | 05/23/2012 | No prior sales in<br>past 12 months | No prior sales in<br>past 12 months |
| Price of Prior Sale/Transfer | | $315,000 | | |
| Data Source(s) | NDCdata | NDCdata | NDCdata | NDCdata |
| Effective Date of Data Source(s) | 08/25/2012 | 08/25/2012 | 08/25/2012 | 08/25/2012 |

Analysis of prior sale or transfer history of the subject property and comparable sales  Prior sales for subject  for past 36 months & comps in the
last 12 month, per NDC.as noted. Per MLS, subject has not been listed in last 12 months.

Summary of Sales Comparison Approach.  All sales used were considered to be the best indicators of market value for the subject property.
Adjustment made were for items of significant value in this marketplace, adjustment were derived from a study of dated sales
and MLS area. Sq ft adjustment made at $25 per ft gross living area. No adjustment made under 100 S.q. F.t.
Site adjustment at $2.0/sf (rounded). None under 1000 sf difference.
Separate adjustments were made as follows: Pool $ 10,000; Bathroom $4,000; Fireplace $3,000.
Adjusted values of all comparables were considered in estimating the value of the subject property in this appraisal.
Final subject valuation was bracketed by the adjusted sale price of comparables.

Indicated Value by Sales Comparison Approach $ 338,000

Indicated Value by:  Sales Comparison Approach $ 338,000   Cost Approach (if developed) $ 0   Income Approach (if developed) $ 0

Primary consideration given to the "Sales Comparison Approach" The "Cost Approach" was not developed.
The Income Approach was considered but not developed because single family residences are not typically purchased for
their income producing potential. There was insufficient market rental data to validate the Income Approach.

This appraisal is made [X] "as is", [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
[ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or [ ] subject to the following required
inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:  Subjected to no conditions .
The appraised value is based upon the "as is" condition.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting
conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ 338,000
as of  08/25/2012 , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 70 March 2005 | Produced using ACI software, 800.234.8727 www.aciweb.com | Fannie Mae Form 1004 March 2005
Page 2 of 6 | | 1004_05 09/09/2009

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

## Uniform Residential Appraisal Report

File No. Whitegate 11011

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 11011 Whitegate Ave Sunland CA 91040-2239 | 10802 Floralita Ave Sunland CA 91040-2309 | | 10940 Leolang Ave Sunland CA 91040-2224 | | 10526 Whitegate Ave Sunland CA 91040 | |
| Proximity to Subject | | 0.77 MILES WSW | | 0.07 MILES SSW | | 0.62 MILES S | |
| Sale Price | $ 516,000 | $ 333,000 | | $ 335,000 | | $ 359,900 | |
| Sale Price/Gross Liv. Area | $ 286.03 sq. ft. | $ 223.04 sq. ft. | | $ 222.74 sq. ft. | | $ 215.90 sq. ft. | |
| Data Source(s) | | DOC# 668207 | | DOC# 592804 | | DOC# N/A | |
| Verification Source(s) | | APN# 2555-004-015 | | APN# 2552-016-033 | | APN# 2556-029-005 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | | $266,400 1st Conventional | Short Sale | $326,507 1st FHA Fixed | Standard | *Active Listing* None | -18,000 |
| Date of Sale/Time | | 05/04/2012 | 0 | 04/20/2012 | 0 | 08/30/2012 | List Day |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 6049 Sq.Ft. | 6,992 Sq.Ft. | 0 | 5,391 Sq.Ft. | 0 | 10,110 Sq.Ft. | -8,000 |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | Traditional | Traditional | | Traditional | | Traditional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 74 years | 61 years | 0 | 61 years | 0 | 75 years | 0 |
| Condition | Average | Average | | Average | | Average | |
| Above Grade Room Count | Total 7 / Bdrms. 3 / Baths 2.00 | Total 8 / Bdrms. 4 / Baths 2.00 | | Total 8 / Bdrms. 4 / Baths 2.00 | 0 | Total 6 / Bdrms. 2 / Baths 1.50 | +2,000 |
| Gross Living Area 25.00 | 1,804 sq. ft. | 1,493 sq. ft. | 8,000 | 1,504 sq. ft. | 7,500 | 1,667 sq. ft. | 3,500 |
| Basement & Finished Rooms Below Grade | None | $285,000/161 None | | $339,999/59 None | | $359,900/0 None | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | FWA C/Air | | FWA C/Air | |
| Energy Efficient Items | Typical | Typical | | Typical | | Typical | |
| Garage/Carport | 2 Car Garage | 2 Car Garage | | 2 Car Garage | | 2 Car Garage | |
| Porch/Patio/Deck | Patio & Porch | Patio & Porch | | Patio & Porch | | Patio & Porch | |
| Fire Place | 1 Fireplace | Unknown | | 1 Fireplace | | 1 Fireplace | |
| Pool /Spa | No Pool or Spa | No Pool or Spa | | No Pool or Spa | | No Pool or Spa | |
| MLS# | | #12157981 | | #F12032215 | | #12167592 | |
| Net Adjustment (Total) | | [X] +  [ ] - $ | 8,000 | [X] +  [ ] - $ | 7,500 | [ ] +  [X] - $ | 20,500 |
| Adjusted Sale Price of Comparables | | Net Adj. 2.4% Gross Adj. 2.4% $ | 341,000 | Net Adj. 2.2% Gross Adj. 2.2% $ | 342,500 | Net Adj. -5.7% Gross Adj. 8.8% $ | 339,400 |

| ITEM | SUBJECT | COMPARABLE SALE NO. 4 | COMPARABLE SALE NO. 5 | COMPARABLE SALE NO. 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No prior sales in past 36 months | No prior sales in past 12 months | 12/02/2011 | No prior sales in past 12 months |
| Price of Prior Sale/Transfer | | | $251,000 | |
| Data Source(s) | NDCdata | NDCdata | NDCdata | NDCdata |
| Effective Date of Data Source(s) | 08/25/2012 | 08/25/2012 | 08/25/2012 | 08/25/2012 |

Summary of Sales Comparison Approach

*SALES COMPARISON APPROACH* (vertical left margin)

Freddie Mac Form 70 March 2005        Produced using ACI software, 800.234.8727 www.aciweb.com        Fannie Mae Form 1004 March 2005
1004_05 090909

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

## Uniform Residential Appraisal Report

File No. Whitegate 11011

### INTENDED USE/INTENDED USER

This appraisal report is intended for the exclusive use of client & their heirs and assigns, for a mortgage finance transaction only and does not constitute an expert home inspection. This report in not intended for any other use. Any party who uses or relies upon any information in this report, without the preparer's written consent, does so at his own risk.

No conditions placed on appraisal. Completed in conformity with USPAP as a summary report of a complete appraisal.It is subject to all attached addenda / limiting conditions.

### THE COST APPROACH Not developed

### THE MARKET APPROACH

The main method of deriving to value.It is based on analysis of sales of similar type of properties in the subject's neighborhood using the principal of substitution.The differences between the comps and subject are adjusted (to comparables) by an extensive research of process called 'Paired Sales Analysis'.It will determine what value will the market return for these deferences/amenities. This is known as the principal of 'Contribution'.

The greatest weight is usually given to the most similar sales comparables, current and with least adjustments as stated in the report.

### THE INCOME APPROACH

The neighborhood is mostly owner occupied lacking rental sales to establish multipliers.  The Income Approach is not appropriate within subject's market as it does not reflect typical buyer attitudes.  This Approach was not considered in the analysis.

### FINAL RECONCILIATION

Of the three approaches to value, the SALES COMPARISON APPROACH was given the most weight as it is felt they accurately reflect the thoughts and actions of the typical purchaser.

"All electronic signatures on this report have a security feature maintained by individual passwords for each signing appraiser.  No person can alter the appraisal with the exception of the original signing appraiser(s)."

### SOURCE OF MARKET VALUE DEFINITION.

The market value definition is consistent with regulations published by the federal regulatory agencies pursuant to Title XI of the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) of 1989.

It is the appraiser belief that MLS information is generally more accurate as far as room count, number of bathrooms, bedrooms, garage spaces , fireplace, pool & Spa and other amenities.

Although a walk Through inspection has been performed, this appraiser is not an expert in the fields of home inspection and /or engineering and/or seismic hazards detection. Experts in this field should be used if desired. This is not a home inspection report and should not be relied upon to disclose conditions of the property.If the client has any questions regarding these items, it is client responsibility to order the appropriate inspections. Appraiser does not have the skill or expertise to make such inspections or comment on them. Appraiser assumes no responsibility for these items.

### EXTRAORDINARY ASSUMPTIONS:

It is assumed that there are no structural defects hidden by floor or wall coverings or any other hidden or unapparent conditions of the property; that all mechanical equipment and appliances are in good working condition;and that all electrical components and the roofing are in good condition. It is also assumed that all structures given value in this report are legally permitted as stated in this report.The land is assumed to have no unknown geological or environmental adverse issues.The physical characteristics of the comparables were either verified through public records, multiple listing services, and/or homeowners verification and assumed to be as stated.The comps are assumed to have no  sale concessions. The current zoning is assumed to be as stated in this report, as well as the legal age of subject.The estimated cost to cure is assumed to be as stated, the cost approach is assumed to be true and correct. The type of foundation is assumed to be as stated. If any of these items are found to be not true or correct, appraiser reserves the right to change his appraisal.

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)    Cost approach was not developed for the purpose of this assignment.It was not considered to be a reliable source due to limited or lack of sales of vacant land sited in the subject's neighborhood

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = $ |
| Source of cost data | Dwelling | Sq. Ft. @ $ | . . . . . . . . . . . . = $ |
| Quality rating from cost service          Effective date of cost data | | Sq. Ft. @ $ | . . . . . . . . . . . . = $ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | |
| | Garage/Carport | Sq. Ft. @ $ | . . . . . . . . . . . . = $ |
| | Total Estimate of Cost-New | | . . . . . . . . . . . . = $ |
| | Less **50** Physical | Functional | External |
| | Depreciation    **$0** | | = $ (         **0**) |
| | Depreciated Cost of Improvements . . . . . . . . . . . . . . . . . . . . . . . . . . = $ | | **0** |
| | "As-is" Value of Site Improvements . . . . . . . . . . . . . . . . . . . . . = $ | | |
| Estimated Remaining Economic Life (HUD and VA only)            **0** Years | INDICATED VALUE BY COST APPROACH . . . . . . . . . . . . . . . . . . . . . = $ | | **0** |

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

Estimated Monthly Market Rent $            **0.00** X Gross Rent Multiplier    **0.00**  = $            **0** Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)

### PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)? ☐ Yes ☐ No   Unit type(s) ☐ Detached ☐ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal name of project  **N/A**

| Total number of phases  **N/A** | Total number of units  **N/A** | Total number of units sold   **N/A** |
| Total number of units rented   **N/A** | Total number of units for sale  **N/A** | Data source(s)  **N/A** |

Was the project created by the conversion of an existing building(s) into a PUD? ☐ Yes ☐ No   If Yes, date of conversion.  **N/A**

Does the project contain any multi-dwelling units? ☐ Yes ☒ No   Data source(s)

Are the units, common elements, and recreation facilities complete? ☐ Yes ☐ No   If No, describe the status of completion.  **N/A**

Are the common elements leased to or by the Homeowners' Association? ☐ Yes ☐ No   If Yes, describe the rental terms and options.  **N/A**

Describe common elements and recreational facilities.   Subject is not located in a PUD area

Freddie Mac Form 70 March 2005                     Produced using ACI software, 800.234.8727 www.aciweb.com                     Fannie Mae Form 1004 March 2005
Page 3 of 6
1004_05 090909

EXHIBIT "1"
23

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

*Emanuel Rubin Appraising*

## Uniform Residential Appraisal Report

File No. Whitegate 11011

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

EXHIBIT "1"

24

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

*Emanuel Rubin Appraising*

## Uniform Residential Appraisal Report

File No. **Whitegate 11011**

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1.   I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2.   I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3.   I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4.   I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value.  I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment.  I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5.   I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6.   I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7.   I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8.   I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9.   I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value.  I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal.  I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction.  I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report.  If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report.  I certify that any individual so named is qualified to perform the tasks.  I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent.  Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

**EXHIBIT "1"**

25

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

*Emanuel Rubin Appraising*

# Uniform Residential Appraisal Report

File No. **Whitegate 11011**

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

**APPRAISER**

Signature *E. Rubin*
Name Emanuel Rubin
Company Name Emanuel Rubin Appraising
Company Address 23514 Via Decano
        Valencia, Ca. 91355
Telephone Number 661-254-3430
Email Address MannyRubin@gmail.com
Date of Signature and Report 09/01/2012
Effective Date of Appraisal 08/25/2012
State Certification # AR032191
or State License # _____
or Other (describe) _____ State # _____
State CA
Expiration Date of Certification or License 10/21/2013

ADDRESS OF PROPERTY APPRAISED
11011 Whitegate Ave
Sunland, CA 91040-2239

APPRAISED VALUE OF SUBJECT PROPERTY $ 338,000

LENDER/CLIENT
Name _____
Company Name Bryan, Geoffrey L
Company Address 11011 Whitegate Ave.
 Sunland, CA. 91040-2239
Email Address _____

**SUPERVISORY APPRAISER (ONLY IF REQUIRED)**

Signature _____
Name _____
Company Name _____
Company Address _____
_____
Telephone Number _____
Email Address _____
Date of Signature _____
State Certification # _____
or State License # _____
State _____
Expiration Date of Certification or License _____

SUBJECT PROPERTY
☐ Did not inspect subject property
☐ Did inspect exterior of subject property from street
    Date of Inspection _____
☐ Did inspect interior and exterior of subject property
    Date of Inspection _____

COMPARABLE SALES
☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street
    Date of Inspection _____

Freddie Mac Form 70 March 2005                Produced using ACI software, 800.234.8727 www.aciweb.com                Fannie Mae Form 1004 March 2005
                                                        Page 6 of 6                                                        1004_05 090909

EXHIBIT "1"
APPRAISAL REPORT
26

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

| Borrower: N/A | | | File No.: Whitegate 11011 |
| Property Address: 11011 Whitegate Ave | | | Case No.: |
| City: Sunland | | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | | |

## Scope of work:

The scope of work of this appraisal report is to provide a reasonably accurate opinion of market value by a thorough inspecting and photographing of the interior and exterior of the subject property, observing and photographing the exteriors of all comparable properties selected, observing neighborhood characteristics, evaluating marketability of properties as to conformity, environmental, physical and economic conditions, supply and demand, highest and best use and overall balance. Data was also collected from various secondary data sources and assumed to be accurate.  First american real estate solutions, ( f.a.r.e.s.) NDC data, Socal regional mls and other  multiple listing services,  with its reciprocal listing services including the MLS Alliance were accessed to obtain sales and property data for analysis of the subject property and the sales comparables.
The data was then applied  to develop the estimated value using the 3 approaches to value.
The sales comparison approach deems to be most appropriate,logical and objective approach in the valuation of a single family residence because it reflects the actions of current market participants and best illustrates the principle of substitution.

## FINAL RECONCILIATION:

Of the three approaches to value, the SALES COMPARISON APPROACH was given the most weight as it is felt it accurately reflect the thoughts and actions of the typical purchasers and sellers in an open market transaction.
The amount and the quality of recent sales comparison information provide a reliable method of estimating market values.
The COST APPROACH to estimating market value was given a secondary and slighter weight in the final reconciliation as current cost sources are not easily verifiable and do not adequately reflect true cost. The cost approach was supportive but not conclusive.
The INCOME APPROACH to value was not utilized in this report as there is insufficient data to formulate any Gross Rent Multiplier. Most homes in the area are owner occupied and generally not sold as rentals.

## Quality and Condition of Property

Subject property was built 1n 1938 on a 4255 sf lot.(#52).  Some time in the past the garage was converted into GLA and a new garage was built on half of lot #53 which was
according to plat map, split between the owners of lot 52 and 54. The 2127 sf extra were recorded in current owner's name at time of purchase (03/2007) under a separate APN  2552-016-013.
Improvements are of average size and typical for the area. Quality of construction is average, having a composition roof cover, drywall interior walls, slab foundation and aluminum windows. House has some deferred maintenance issues that were described and quantified by a separate engineering report, that is now part of the appraiser's work file and can be vied upon demand.
Bathrooms with tile floors. Kitchen includes wooden cabinets, granite counters & tile floors. Acoustic type ceiling, standard lighting . No physical, functional or external  obsolescence noted.
Public records reflects 1699 sf GLA with 3 bedrooms and 2 bath. Appraiser, who is not an architect or surveyor professional, measured 1804 sf and noted 4 bedrooms and 2 bath.
Appraiser used the public records GLA for the purpose of comparison in this assignment.
Bedroom windows have external bars except the master bedroom with sliding doors.
Only bedroom #4 has external /internal quick release mechanism.
Appraiser recommend adding these safety features or removing the bars from the windows.

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

**FLOORPLAN SKETCH**

| | | |
|---|---|---|
| Borrower: N/A | File No.: | **Whitegate 11011** |
| Property Address: 11011 Whitegate Ave | Case No.: | |
| City: Sunland | State: *CA* | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |

Sketch is a close replication of subject's floor plan



Sketch by Apex IV™

Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Size | Net Totals |
| GLA1 | First Floor | 1804.00 | 1804.00 |
| GAR | Garage | 380.00 | 380.00 |
| | | | |
| | **TOTAL LIVABLE** (rounded) | | **1804** |

| LIVING AREA BREAKDOWN | |
|---|---|
| Breakdown | Subtotals |
| **First Floor** | |
| 20.0  x  41.0 | 820.00 |
| 8.0  x  33.0 | 264.00 |
| 23.0  x  24.0 | 552.00 |
| 4.0  x  42.0 | 168.00 |
| **4 Calculations Total (rounded)** | **1804** |

EXHIBIT "1"

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

**LOCATION MAP**

| Borrower: N/A | | File No.: Whitegate 11011 | |
|---|---|---|---|
| Property Address: 11011 Whitegate Ave | | Case No.: | |
| City: Sunland | State: CA | | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | | |



SUBJECT PROPERTY PHOTO ADDENDUM

| | | |
|---|---|---|
| Borrower: N/A | | File No.: Whitegate 11011 |
| Property Address: 11011 Whitegate Ave | | Case No.: |
| City: Sunland | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: August 25, 2012
Appraised Value: $ 338,000



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

EXHIBIT "1"

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

| Borrower: N/A | | | File No.: Whitegate 11011 |
| --- | --- | --- | --- |
| Property Address: 11011 Whitegate Ave | | Case No.: | |
| City: Sunland | State: CA | | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | | |



Kitchen



Dining Room



Family Room

Emanuel Rubin Appraising

| Borrower: N/A | | |
| Property Address: 11011 Whitegate Ave | | Case No.: |
| City: Sunland | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |



Master Bedroom 1



Bedroom 2



Bedroom 4



Bedroom 3



Bathroom 1



Bathroom 2

Produced using ACI software, 800.234.8727 www.aciweb.com    PHT6

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

Emanuel Rubin Appraising



Foyer



Bed 4 Quick release (external)



Deferred Maintenance, wood decay



Bed 4 Quick release (internal)



Deferred Maintenance, wood decay



Deferred Maintenance, ceiling

Produced using ACI software, 800.234.8727 www.aciweb.com                    PHT6
C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

| | | |
|---|---|---|
| Borrower: N/A | | File No.:  Whitegate 11011 |
| Property Address: 11011 Whitegate Ave | | Case No.: |
| City: Sunland | State: *CA* | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |



**COMPARABLE SALE #1**

11138 Leolang Ave
Sunland CA 91040-2264
Sale Date: 07/02/2012
Sale Price: $ 330,000



**COMPARABLE SALE #2**

8103 Brownstone St
Sunland CA 91040-2102
Sale Date: 05/25/2012
Sale Price: $ 320,000



**COMPARABLE SALE #3**

8119 Ellenbogen St
Sunland CA 91040-2103
Sale Date: 05/11/2012
Sale Price: $ 330,000

EXHIBIT "1"

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

## COMPARABLE PROPERTY PHOTO ADDENDUM

| Borrower: N/A | Main Document | Page 35 of 45 | File No.: Whitegate 11011 |
|---|---|---|---|
| Property Address: 11011 Whitegate Ave | | Case No.: | |
| City: Sunland | | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | | |



**COMPARABLE SALE #4**

10802 Floralita Ave
Sunland CA 91040-2309
Sale Date: 05/04/2012
Sale Price: $ 333,000



**COMPARABLE SALE #5**

10940 Leolang Ave
Sunland CA 91040-2224
Sale Date: 04/20/2012
Sale Price: $ 335,000



**COMPARABLE SALE #6**

10526 Whitegate Ave
Sunland CA 91040
Sale Date: 08/30/2012
Sale Price: $ 359,900

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

Appraiser's License

| Borrower: N/A | | File No.: Whitegate 11011 |
|---|---|---|
| Property Address: 11011 Whitegate Ave | | Case No.: |
| City: Sunland | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |

STATE OF CALIFORNIA

Business, Transportation & Housing Agency

OFFICE OF REAL ESTATE APPRAISERS

REAL ESTATE APPRAISER LICENSE

EMANUEL RUBIN

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title "Certified Residential Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

OREA APPRAISER IDENTIFICATION NUMBER

AR032191

Date Issued:   October 22, 2011
Date Expires:  October 21, 2013

*Bob Clark*

Director, OREA

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO SEE "CHAIN LINK"

Audit COPY 555

EXHIBIT "1"

36

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

Appraiser's Insurance

| Borrower: N/A | | File No.: Whitegate 11011 |
| Property Address: 11011 Whitegate Ave | | Case No.: |
| City: Sunland | State: CA | Zip: 91040-2239 |
| Lender: Bryan, Geoffrey L | | |

**CERTIFICATE OF MEMBERSHIP**

FREA

Cover Note: FREA 10-0471

| Membership Level: A | |
| Membership Term: 04/07/2012 to 04/07/2013 | |
| Member Name and Address | Member Number: 0038143 |

Emanuel Rubin
23514 Via Decano
Valencia, CA 91355

**Class A Membership provides the following benefits:**

ѵ  $ 1,000,000 aggregate limit of liability- Professional Liability (Errors and Omissions) Insurance

ѵ  Real Estate Agent Referral Indemnity

ѵ  Up to 30% discount towards continuing education

ѵ  Membership Benefits Package

KCarpenter
Authorized Signature

03/27/2012
Date

C:\Program Files\ACI32\REPORTS\Whitegate 11011.aci

## Property Details

Bryan, Geoffrey L And Martha A
11011 Whitegate Ave, Sunland, CA 91040

APN: 2552-016-012
Los Angeles County



**Recent Foreclosure Activity**

### Owner Information

Primary Owner: BRYAN, GEOFFREY L AND
MARTHA A

Secondary Owner:

Mail Address: 11011 WHITEGATE AVE
SUNLAND CA 91040

Site Address: 11011 WHITEGATE AVE
SUNLAND CA 91040

Assessor Parcel Number: 2552-016-012

Census Tract: 1031.01

Housing Tract Number: 3683

Lot Number: 52

Legal description: Lot: 52 Tract No: 3683  Abbreviated Description: LOT:52 CITY:REGION/CLUSTER: 03/03177
TR#:3683 TRACT NO 3683 LOT 52 City/Muni/Twp: REGION/CLUSTER: 03/03177

### Sale Information

Sale Date: 03/23/2007

Document #: 07-0663403

Sale Amount: $516,000

Seller: NEPALES, RUBEN
V; NEPALES,
JANET

Sale Type:

Cost/SF: $303

Foreclosure Deed Type: **Notice Of Sale (Aka Notice Of Trustee's**
**Sale)**

Recording Date: 12/23/2011

### Assessment & Tax Information

Assessed Value: $340,304

Land Value: $207,585

Imp. Value: $132,719

Homeowner
Exemption:

% Improvement: 39%

Tax Amount: $4,397.40

Tax Status: **Current**

Tax Year: 2011

Tax Rate Area: 0-013

Tax Account ID:

### Property Characteristics

Bedrooms: 3

Year Built: 1938

Pool:

EXHIBIT "2"

38

Property Report

Bathrooms: 2                      Square Feet: 1,699 SF                      Lot Size: 4,217 SF

Total Rooms:                    Number of Units: 1                    No of Stories:

Building Style:                  Garage:                              Fire Place:

Property Type: Single Family Residential Properties

Use Code: Single Family Residential                          Zoning: LAR1

EXHIBIT "2"

39

## Transaction History

Bryan, Geoffrey L And Martha A
11011 Whitegate Ave, Sunland, CA 91040

APN: 2552-016-012
Los Angeles County

Foreclosure Record

Recording Date: 12/23/2011                    Document #: **11-1745104 BK-PG-**
Document Type: Notice Of Sale (Aka Notice Of
                         Trustee's Sale)

Auction Location: 400 CIVIC CENTER PLZ, POMONA
Auction Date/Time: 01/12/2012 09:00 A.M.
Min. Bid Amount $429,399

Foreclosure Record

Recording Date: 09/22/2011                    Document #: **11-1289295 BK-PG-**
Document Type: Notice Of Default
Beneficiary Name: WELLS FARGO BANK NA
Trustor Names: BRYAN, GEOFFREY L; BRYANMARTHA ANN
Trustee Name: CAL WESTERN RECONVEYANCE CORPORATION
Mailing Address: 525 E MAIN ST, EL CAJON, CA 92022-9004
Trustee Phone #: 619-590-9200
                    TS#: 1323369-10                    Loan Doc #: 07-0663404
            Loan Date: 03/23/2007                Loan Amount: $412,800
        Contact Name: WELLS FARGO BANK NA
            Attention: CAL WESTERN RECONVEYANCE CORPORATION
Mailing Address: 525 E MAIN ST, EL CAJON, CA 92022-9004
Legal description:

Foreclosure Record

Recording Date: 08/16/2010                    Document #: **10-1134904 BK-PG-**
Document Type: Notice Of Rescission
Original Foreclosure 10-0939756
            Document:

Foreclosure Record

Recording Date: 07/09/2010                    Document #: **10-0939756 BK-PG-**
Document Type: Notice Of Default
Beneficiary Name: WELLS FARGO BANK NA
Trustor Names: BRYAN, GEOFFREY L; BRYANMARTHA ANN
Trustee Name: CAL WESTERN RECONVEYANCE CORPORATION
Mailing Address: 525 E MAIN ST, EL CAJON, CA 92022-9004
Trustee Phone #: 619-590-9200
                    TS#: 1288278-10                    Loan Doc #: 07-0663404
            Loan Date: 03/23/2007                Loan Amount: $412,800
        Contact Name: WELLS FARGO BANK NA
            Attention: CAL WESTERN RECONVEYANCE CORPORATION

**EXHIBIT "2"**
**40**

Property Report

Mailing Address: 525 E MAIN ST, EL CAJON, CA 92022-9004

Legal description:

## Prior Transfer

Recording Date: 03/23/2007                    Document #: **07-0663403 BK-PG -**
Price: $516,000                               Document Type: **Grant Deed**
First TD: $103,200                            Type of Sale: **Price Unconfirmed**
Mortgage Doc #: **07-0663405**                Interest Rate:
Lender Name: CITIBANK NA
Buyer Name: BRYAN, GEOFFREY L; BRYAN, MARTHA ANN
Buyer Vesting: Community Property(Marital Community)
Seller Name: NEPALES, RUBEN V; NEPALES, JANET
Legal description: Lot: 52&53  Tract No: 3683  Map Ref: MB53 PG60
Abbreviated Description: EXCEPT N2 SD LOT53
City/Muni/Twp: LOS ANGELES

## Mortgage Record

Recording Date: 03/23/2007                    Document #: **07-0663404 BK-PG -**
Loan Amount: $412,800                         Loan Type: P
TD Due Date: 04/01/2037                       Type of Financing:
Interest Rate:
Lender Name: WELLS FARGO BANK NA
Lender Type: Bank
Borrowers Name: BRYAN, GEOFFREY L; BRYAN, MARTHA ANN
Vesting:

EXHIBIT "2"

41



# Comparables

Bryan, Geoffrey L And Martha A
11011 Whitegate Ave, Sunland, CA 91040

APN: 2552-016-012
Los Angeles County

## Quick Comparable Sales Data

| No. | Address | Date | Price | S/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Subject Property** | **03/23/2007** | **$516,000** | **$304** | **1,699** | **/3/2** | **1938** | **4,217 SF** | | |
| 1 | 11040 MCVINE AVE | 08/31/2012 | $485,258 | $393 | 1,233 | /3/2 | 1956 | 6,800 SF | | .32 Mi. |
| 2 | 7815 WENTWORTH ST | 07/31/2012 | $116,000 | $119 | 974 | /3/1 | 1953 | 6,817 SF | | .19 Mi. |
| 3 | 7855 ELLENBOGEN ST | 07/13/2012 | $365,000 | $337 | 1,080 | /3/2 | 1959 | 6,578 SF | Yes | .20 Mi. |
| 4 | 10845 NASSAU AVE | 07/12/2012 | $280,000 | $284 | 983 | /3/2 | 1923 | 4,029 SF | | .36 Mi. |
| 5 | 11138 LEOLANG AVE | 07/02/2012 | $330,000 | $191 | 1,719 | /4/2 | 1973 | 8,908 SF | | .19 Mi. |
| 6 | 7750 WENTWORTH ST | 06/21/2012 | $397,500 | $242 | 1,642 | /3/2 | 1976 | 8,120 SF | Yes | .27 Mi. |
| 7 | 10849 MATHER AVE | 06/12/2012 | $350,000 | $205 | 1,703 | /3/3 | 1996 | 4,029 SF | | .31 Mi. |
| 8 | 7845 FORSYTHE ST | 06/06/2012 | $308,000 | $452 | 680 | /1/1 | 1938 | 3,729 SF | | .20 Mi. |
| 9 | 11159 RHODESIA AVE | 06/06/2012 | $400,000 | $210 | 1,903 | /4/3 | 1955 | 8,869 SF | | .26 Mi. |
| 10 | 10829 WOODWARD AVE | 06/05/2012 | $300,000 | $186 | 1,607 | /3/2 | 1939 | 7,405 SF | | .25 Mi. |
| 11 | 11064 WOODWARD AVE | 06/04/2012 | $300,000 | $272 | 1,099 | /3/2 | 1960 | 4,217 SF | | .12 Mi. |
| 12 | 7812 FORSYTHE ST | 06/01/2012 | $205,000 | $271 | 756 | /1/1 | 1925 | 3,729 SF | | .25 Mi. |
| 13 | 8103 BROWNSTONE ST | 05/25/2012 | $320,000 | $192 | 1,664 | /4/2 | 1972 | 6,434 SF | Yes | .22 Mi. |
| 14 | 10951 LEOLANG AVE | 05/24/2012 | $273,000 | $192 | 1,415 | /3/1 | 1951 | 5,297 SF | | .07 Mi. |
| 15 | 11138 LEOLANG AVE | 05/23/2012 | $315,000 | $183 | 1,719 | /4/2 | 1973 | 8,908 SF | | .19 Mi. |

## Area Sales Analysis

Total Area Sales: 15

Median Lot Size: 6,578 SF

Median Living Area: 1,415 SF

Price Range - 2 Yrs: $116,000 To $485,258

Median Value: $315,000

Median # of Bedrooms: 3

Median # of Baths: 2

Median Year Built: 1956

Age Range: 16 Years To 89 Years

Median Age: 56 Years

EXHIBIT "2"

42



## Assessor Map

Click here to get the map in PDF
Click here to get the map in TIF



EXHIBIT "2"

43

Property Report

EXHIBIT "2"

44

| In re:<br>MARTHA A. BRYAN,<br><br>                                    Debtor(s). | CHAPTER 13<br><br>CASE NUMBER 2:12-bk-32514 SK |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1250 Sixth Street, Suite 205, Santa Monica, CA  90401-1637

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR VALUATION OF LIENS OF CITIMORTGAGE A FEDERAL ASSOCIATION, SECURED BY 11011 WHITEGATE AVE. SUNLAND, CALIFORNIA 91040-2239; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION(S) IN SUPPORT THEREOF AND EXHIBIT(S)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 10, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
William H Brownstein on behalf of Debtor Glenroy Day, Brownsteinlaw.bill@gmail.com
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Kathy A Dockery (TR), efiling@CH13LA.com
Philip J Giles on behalf of Interested Party Courtesy NEF, ecfcacb@piteduncan.com

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On September 10, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
CitiMortgage, Inc., President and CEO: Sanjiv Das, 1000 Technology Dr., O'Fallon, MO 63368 Via Certified Mail

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 10, 2012, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 10, 2012 | Cynthia Pieler | |
| --- | --- | --- |
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                                   **F 9013-3.1**